## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## CHARLESTON DIVISION

| | | |
|---|---|---|
| Carlos Nogales, | ) | |
| | ) | Civil Action No.: 2:18-cv-01334-JMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| | ) | |
| Special Agent Paul Criswell, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") filed on April 1, 2019. (ECF No. 38.) The Report addresses Plaintiff Carlos Nogales' ("Plaintiff") Amended Complaint (ECF No. 10), which alleges that Defendant Special Agent Paul Criswell ("Defendant") committed constitutional violations, and Defendant's Motion to Dismiss for Failure to State a Claim and Lack of Jurisdiction (ECF No. 31). (*Id.* at 1, 20.) For the reasons set forth herein, the court **ACCEPTS** the Magistrate Judge's Report (ECF No. 38) and incorporates it herein. Therefore, the court **GRANTS** Defendant Special Agent Paul Criswell's ("Defendant") Motion to Dismiss for Failure to State a Claim and Lack of Jurisdiction (ECF No. 31), and **DISMISSES WITH PREJUDICE** Plaintiff Carlos Nogales' ("Plaintiff") Amended Complaint (ECF No. 10).

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Report sets forth the relevant facts and legal standards, which this court incorporates herein without a full recitation. (ECF No. 38.) As brief background, Plaintiff, proceeding *pro se* and *in forma pauperis*, originally filed his Complaint against the United States of America ("the Government") on March 14, 2018. (*Id.* at 4.) Plaintiff filed his Amended Complaint on July 2,

2018, and brought claims against Defendant. (*Id.* at 5.) Seeking relief under *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971), Plaintiff maintains that Defendant violated his constitutional rights "at the time of [his] arrest" in Greenville, South Carolina. (ECF No. 10 at 5.) Specifically, Plaintiff alleges that Defendant seized his personal items at the time of his arrest, including his i-Phone, Louis Vuitton wallet, Brooks Brothers sunglasses, and a cowboy hat. (*Id.*) Plaintiff contends that "the Government claims to have" destroyed his personal possessions. (*Id.*) Plaintiff brings suit against Defendant under the Fourth and Fifth Amendments of the United States Constitution, alleging violations of due process and unlawful seizures. (*Id.* at 4.) In terms of monetary relief, Plaintiff seeks seven hundred fifty dollars and zero cents ($750.00) for the i-Phone, eight hundred fifty dollars and zero cents ($850.00) for the Louis Vuitton wallet, one hundred thirty-five dollars and zero cents ($150.00) for the Brooks Brothers sunglasses, and one hundred fifty dollars and zero cents ($150.00) for his cowboy hat. (*Id.* at 6.)

Defendant filed his Motion for Summary Judgment on December 17, 2018, essentially maintaining, among many other arguments, that (1) there is not a *Bivens* remedy against him pursuant to *Siglar v. Abbasi*, 137 S. Ct. 1843 (2017); (2) Plaintiff failed to allege a constitutional violation concerning the destruction of his property under the Fifth Amendment; (3) the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671–2680, is an alternative remedy for Plaintiff to pursue; and (4) he is protected by the doctrine of qualified immunity. (ECF No. 31 at 6–15.) Defendant further argued that Plaintiff failed to exhaust his remedies under the FTCA. (*Id.* at 14–15.) On December 18, 2018, the Magistrate Judge issued a *Roseboro* order to Plaintiff, advising him of the procedures regarding motions to dismiss and the consequences of failing to respond.[1]

---

[1] Pursuant to *Roseboro*, federal district courts are required to provide an explanation of motion to dismiss procedures for *pro se* litigants. *See Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975).

(ECF No. 32.) On February 1, 2019, Plaintiff responded in opposition to Defendant's Motion. (ECF No. 37.)

The Magistrate Judge filed her Report on April 1, 2019. (ECF No. 38.) Within the Report, the Magistrate Judge first found that Defendant was not protected by the doctrine of sovereign immunity. (*Id.* at 10.) Second, the Magistrate Judge recommends that the court decline to "create an implied remedy" for Plaintiff's Fifth Amendment claim because there are "sufficient special factors counseling hesitation" of creating a remedy for Plaintiff. (*Id.* at 17.) The Magistrate Judge further reasoned that Plaintiff's Amended Complaint fails to establish a constitutional violation under the Fifth Amendment. (*Id.* at 18.) Accordingly, the Magistrate Judge recommends that the court grant Defendant's Motion to Dismiss (ECF No. 31) and dismiss Plaintiff's Amended Complaint (ECF No. 10) with prejudice. (Id. at 20.) In addition to providing the court with his recommendation, the Magistrate Judge advised both parties of their rights to file specific objections to the Report. (*Id.* at 21.) To date, neither Plaintiff nor Defendant objects to the Report.

## II. LEGAL STANDARD

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a recommendation to this court, and the recommendation has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The responsibility to make a final determination remains with the court. *Id.* at 271. As such, the court is charged with making *de novo* determinations of those portions of the Report to which specific objections are made. *See* 28 U.S.C. § 636(b)(1). *See also* FED. R. CIV. P. 72(b)(3). In the absence of specific objections to the Magistrate Judge's Report, the court is not required to give any explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a

district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting FED. R. CIV. P. 72 advisory committee's note). Furthermore, a failure to file specific, written objections to the Report results in a party's waiver of the right to appeal from the judgment of the court based upon such recommendation. 28 U.S.C. § 636(b)(1). Thus, the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

### III. DISCUSSION

The parties were apprised of their opportunity to file specific objections to the Report on April 1, 2019. (ECF No. 38 at 21.) Objections to the Report were due by April 15, 2019, or April 18, 2019, at the latest. (*Id.*) Upon review of the record, neither Plaintiff nor Defendant filed any objections to the Report. In the absence of specific objections to the Magistrate Judge's Report, the court is not required to give any explanation for adopting the Report and must only discern whether the Report contains clear error. *See Camby*, 718 F.2d at 199; *Diamond*, 416 F.3d at 315. After a thorough and careful review of the record, the court finds the Magistrate Judge's Report provides an accurate summary of the facts and law in the instant case. (ECF No. 38.) Because specific objections were not filed by either party and the Report does not contain clear error, the court adopts the Report herein. *See Camby*, 718 F.2d at 199; *Diamond*, 416 F.3d at 315.

### IV. CONCLUSION

After a thorough review of the Report and the record in this case, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 38) and incorporates it herein. Accordingly, the court **GRANTS** Defendant's Motion to Dismiss for Failure to State a Claim and

Lack of Jurisdiction (ECF No. 31), and **DISMISSES WITH PREJUDICE** Plaintiff's Amended

Complaint (ECF No. 10).

    **IT IS SO ORDERED.**

*J. Michelle Childs*

    United States District Judge

May 13, 2019
Columbia, South Carolina